UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARNEY, JR., ) | 1:10-cv—01071-SKO-HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING THE PETITION |
| ) | WITH LEAVE TO FILE A FIRST |
| ) | AMENDED PETITION (DOC. 1) |
| v. ) | |
| ) | **DEADLINE:  THIRTY (30) DAYS** |
| STATE BOARD OF PRISON TERMS, ) | **AFTER SERVICE OF THIS ORDER** |
| et al., ) | |
| ) | ORDER DIRECTING THE CLERK TO SEND |
| Respondents. ) | PETITIONER A BLANK PETITION FOR |
| ) | WRIT OF HABEAS CORPUS AND BLANK |
| ) | CIVIL RIGHTS COMPLAINT FORM |

Petitioner is a state prisoner proceeding in forma pauperis and pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on June 22, 2010 (doc. 4). Pending before the Court is the petition filed by Petitioner, an inmate of the Avenal State Prison (ASP), on June 15, 2010.

///

1

I.  <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

    A.  <u>Lack of Specificity</u>

In the petition before the Court, Petitioner states that he

2

is serving a two-year sentence pursuant to a conviction for possession of a controlled substance sustained in the Fresno County Superior Court on March 9, 2010. Petitioner does not state whether or not he appealed the judgment of conviction (pet. 1) and gives no detail concerning any exhaustion of state judicial remedies. He states in response to a query seeking the reasons for not having presented any of his listed grounds that an unspecified law was effective as of January 2005. Petitioner states his grounds as 1) "High Risk parole," 2) he has no strikes, violence, or serious offenses and thus would be eligible for parole, and 3) his first offense was a non-violent grand theft from the person, and he was eligible for half time on that count. (Pet. 4-5.) He asks for permanent injunctive relief for parolees.

Petitioner fails to identify any of his grounds for relief with specificity, and he fails to support his claims with sufficient facts. The petition is so unclear and uncertain that it would be futile to require a respondent to respond to the petition. Thus, the petition must be dismissed.

B.  Proper Respondent

It appears that Petitioner has named a warden, Warden J. Katavich, as Respondent along with the State Board of Prison Terms. Because Petitioner's claims are unclear, the identity of the proper respondent is unclear. However, the Court notes that Petitioner is incarcerated at ASP, where the warden is James D. Hartley.

Title 28 U.S.C. § 2242 provides that a petition for writ of habeas corpus shall allege the name of the person who has custody

3

over the applicant.  Rule 2(a) of the Habeas Rules provides that if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.  A failure to name the proper respondent destroys personal jurisdiction.  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement.  Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

Petitioner will be given an opportunity to name a proper respondent in a first amended petition.

### C.   Exhaustion of State Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims

5

>in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
>...
>In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

In the petition before the Court, Petitioner fails to state whether with respect to the grounds he raises in the petition, he sought relief in the California Supreme Court. If the grounds are pending before the California Supreme Court, or if the grounds were not presented to the California Supreme Court, they are unexhausted, and the petition must be dismissed to provide Petitioner an opportunity to exhaust the claims. 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22.

Petitioner will be given an opportunity to allege appropriate exhaustion of state court remedies in a first amended petition.

### D. Conditions of Confinement

Petitioner alleges that he is eligible for the "Federal Writ

6

Habeas Corpus. Valdivia permenant (sic) Injunction for non-serious offenses under federal court order called stipulated order for parolee's." (Pet. 4.) Petitioner's reference is not clear, but he appears to be complaining concerning a condition of his confinement, and he requests unspecified injunctive relief.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Petitioner's allegations concerning injunctive relief appear to concern the conditions of his confinement. If Petitioner is complaining of the conditions of his confinement, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed insofar as it relates to conditions of confinement.

### E.   First Amended Petition

The instant petition must be dismissed for the reasons stated above. Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies. Petitioner is

advised that failure to file a petition in compliance with this order (i.e., a completed petition naming a proper respondent, setting forth cognizable federal claims clearly, and clearly stating exhaustion of state remedies) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.

Petitioner will also be given a blank form for a civil rights complaint pursuant to 42 U.S.C. § 1983 to be used if Petitioner's claims concern not the legality or duration of his confinement, but rather the conditions of his confinement.

II.  Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a blank form petition pursuant to 28 U.S.C. § 2254 and a blank civil rights complaint form pursuant to 42 U.S.C. § 1983.

Petitioner is informed that a failure timely to respond to this order will result in a recommendation that the petition be dismissed.

IT IS SO ORDERED.

**Dated:   December 7, 2010**          **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE